**Min AUNG, Petitioner,**

v.

**Eric H. HOLDER, Jr.,[1] United States Attorney General, Respondent.**

**No. 08–3044–ag.**

United States Court of Appeals, Second Circuit.

July 20, 2009.

Sandy Khine, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Jonathan Robbins,

Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, B.D. PARKER and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Min Aung, a native and citizen of Burma,[2] seeks review of the May 20, 2008 order of the BIA denying his motion to reopen. *In re Min Aung,* No. A73 590 440 (B.I.A. May 20, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, to the extent that Aung challenges the agency's adverse credibility determination, the denial of his application for asylum, withholding of removal, and CAT relief based on that determination, and the agency's denial of his two previous motions, those decisions are not properly before us. Aung has timely filed a petition for review only from the BIA's May 2008 order denying his third motion to reopen. We dismiss the petition for review to the extent that Aung attempts to challenge other agency decisions. 8 U.S.C. § 1252(b)(1); *Paul v. Gonzales,* 444 F.3d 148, 153 (2d Cir.2006).

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006)

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

2. In 1989, the military regime in control of Burma declared the country would henceforth be known as "Myanmar." However, both Aung and the agency refer to the country

as "Burma," and, according to the CIA's World Factbook, the name "Myanmar" "was not approved by any sitting legislature in Burma, and the U.S. Government did not adopt the name." CIA, The World Factbook–Burma, https://www.cia.gov/library/publications/the-world-factbook/geos/bm.html. Accordingly, we refer to Aung's native country as "Burma" rather than "Myanmar."

(citing *INS v. Doherty,* 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). Here, we conclude that the BIA did not abuse its discretion in denying Aung's third motion to reopen as untimely. An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). It is beyond dispute that Aung's motion was both untimely and number barred. Moreover, the BIA properly found that Aung's motion did not qualify for an exception to the time and number limitations. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

Aung is correct that the record reveals changed country conditions in Burma. Nonetheless, we find no abuse of discretion in the agency's conclusion that such changes are not material. *See* 8 C.F.R. § 1003.2(c)(1). As we have held, the BIA may deny a motion to reopen which fails to overcome a prior adverse credibility determination. *See Paul,* 444 F.3d at 155 n. 5; *Kaur v. BIA,* 413 F.3d 232, 234 (2d Cir. 2005) (per curiam); *see also Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 147–48 (2d Cir.2007). As Aung was found not credible in the underlying proceedings, the BIA was under no obligation to credit the assertions he made in his motion. Moreover, with respect to Aung's purported political involvement in the United States, it is well-settled that a change in personal circumstances is not evidence of changed country conditions. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 273–274 (2d Cir. 2006); *Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005). Thus, we find no abuse of discretion in the BIA's denial of Aung's motion to reopen. *See* 8 C.F.R. § 1003.2(c); *Kaur,* 413 F.3d at 234; *Wei Guang Wang,* 437 F.3d at 275.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former

For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part. As we have completed our review, the pending request for oral argument in this petition is DENIED.